Filed 2/20/26  Conservatorship of A.G. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| Conservatorship of the Person and Estate of A.G. | C103372 |
| SAN JOAQUIN COUNTY PUBLIC CONSERVATOR, as Conservator, etc., Petitioner and Respondent, v. A.G., Objector and Appellant. | (Super. Ct. No. STK-MH-LPSC-2025-0000001) |

Appellant A.G. appeals from an order appointing a conservator of his person and estate under the Lanterman-Petris-Short Act.  (Welf. & Inst. Code, § 5000 et seq.)  On appeal, he first argues the trial court erred by holding him in a jail after the conservatorship was established.  He further contends:  (1) the court erred by accepting a stipulated conservatorship order without obtaining A.G.'s express consent to the

disabilities imposed by that order; (2) two of the imposed disabilities should be stricken because they were not supported by substantial evidence; and (3) to the extent his challenge to the disabilities is forfeited, his trial counsel provided ineffective assistance of counsel by failing to object.

We conclude that A.G.'s claim about his jail placement is moot because he has since been placed in an appropriate treatment facility, and we decline to exercise our discretion to consider the mooted claim. But we agree with A.G. that the trial court erred by imposing disabilities without following the procedures set forth in *Conservatorship of Christopher A.* (2006) 139 Cal.App.4th 604 (*Christopher A.*). Accordingly, we reverse the portion of the conservatorship order imposing disabilities on A.G. and remand the matter for further proceedings consistent with this opinion.

Given our reversal of the disabilities ordered, we need not consider A.G.'s argument that two of the imposed disabilities were unsupported by substantial evidence or his alternative claim of ineffective assistance of counsel.

FACTUAL AND PROCEDURAL BACKGROUND

On February 4, 2025, the San Joaquin County Public Conservator (Public Conservator) filed an amended petition for the appointment of a Murphy conservator for the person and estate of A.G.[1] The petition alleged that: (1) on April 20, 2022, A.G. had

---

[1] A "Murphy conservatorship" refers to a specific type of conservatorship established under Welfare and Institutions Code section 5008, subdivision (h)(1)(B). (*In re Lerke* (2024) 107 Cal.App.5th 685, 691, fn. 1.) It is named after the legislator who sponsored the legislation. (*Ibid.*) "A Murphy conservatorship may be established if a person is criminally charged with a felony offense, has been found mentally incompetent to stand trial under Penal Code section 1370, and all of the following conditions exist: (1) the charges include a felony involving death, great bodily harm, or a serious threat to the well-being of another person; (2) there has been a probable cause determination and the charges have not been dismissed; (3) as a result of a mental health disorder, the person is unable to understand the nature and purpose of the proceedings against them and to assist counsel in their defense in a rational manner; and (4) the person represents a

been charged with several offenses, including murder; (2) on January 3, 2023, A.G. was found incompetent to stand trial and was subsequently committed to the State Department of State Hospitals; and (3) "on December 3, 2024, [A.G.] was found to have no substantial likelihood of restorability to competence before the expiration of his commitment.

At a hearing on February 13, 2025, defense counsel indicated that A.G. was prepared to waive his right to a jury trial and agree to a Murphy conservatorship. The following exchange occurred:

"THE COURT: Okay. And on this matter when we adjourned on Tuesday, there was some indication that [A.G.] was willing to forego the jury trial and submit for a Murphy conservatorship. So we broke.

"What is the status today?

"[DEFENSE COUNSEL]: I've spoken with [A.G.] this morning and that is still his desire.

"[PUBLIC CONSERVATOR COUNSEL]: What is his desire?

"[DEFENSE COUNSEL]: To waive his right to a jury trial and to agree to the conservatorship.

"THE COURT: Okay. And, [A.G.], you heard what your attorney said. Have you had an opportunity to fully discuss this issue with your attorney?

"[A.G.]: (Nodded head affirmatively.)

"THE COURT: You have to speak.

"[A.G.]: Um, yes.

"THE COURT: And is that what you want to do, waive your right to a jury trial?

"[A.G.]: Yes, it is, Your Honor.

---

substantial danger of physical harm to others by reasons of a mental disease, defect, or disorder." (*Lerke*, at p. 697.)

"THE COURT: And waive the right to have the [prosecution] prove that you meet the requirements for a Murphy conservatorship with the standard being beyond a reasonable doubt?

"[A.G.]: Yes.

"THE COURT: And to have 12 people from the community waive that issue, are you waiving that right?

"[A.G.]: Yes." (Boldface and underscoring omitted.)

The trial court found that A.G. had stipulated to being conserved under a Murphy conservatorship. The court imposed disabilities on A.G., denying A.G. the right to: (1) enter contracts; (2) refuse treatment related to A.G. being gravely disabled; (3) refuse or consent to routine medical treatment unrelated to him being gravely disabled; (4) possess a firearm or other deadly weapon; and (5) possess a driver's license.

Over the objection of defense counsel, the trial court ordered that A.G. be held in jail until another placement was found.

A.G. appeals.[2]

## DISCUSSION

A.G. first argues the trial court abused its discretion by placing him in jail. In support, A.G. relies on *In re Lerke*, *supra*, 107 Cal.App.5th 685, which held that a Murphy conservatee's confinement in jail was unlawful because the jail did not satisfy the statutory requirements for placement in a treatment facility and was "not included in

---

[2] A.G. filed his first notice of appeal from the order establishing the conservatorship on February 27, 2025. A.G. filed four subsequent notices of appeal on April 15, 2025; May 9, 2025; May 23, 2025; and June 6, 2025. Each of these appeals was taken following a review hearing concerning A.G.'s continued placement in jail. We previously dismissed the notices of appeal filed on April 15, 2025; May 9, 2025; and June 6, 2025, because the order appealed from was a nonappealable order. We now also dismiss the notice of appeal filed on May 23, 2025, because the order appealed from is a nonappealable order. (Code Civ. Proc., § 904.1; Prob. Code, § 1301.)

4

the list of facilities authorized to provide treatment to conservatees under [Welfare and Institutions Code] section 5358, subdivision (a)(2)." (*Lerke*, at pp. 691-692.)

The Public Conservator argues, among other things, that this claim is now moot because A.G. was placed in a licensed treatment facility on September 23, 2025. In reply, A.G. "agrees that the placement issue appears to be technically moot based upon his current placement." But he requests we exercise our discretion to consider the mooted claim, in part because it is an issue of broad public interest that is likely to recur and because the issue may recur between the parties. We decline to exercise our discretion to consider this issue. (*Save Stanislaus Area Farm Economy v. Board of Supervisors* (1993) 13 Cal.App.4th 141, 147 ["Application of the public-interest/likelihood-of-repetition exception to the mootness doctrine is discretionary"].)

A.G. next challenges the disabilities imposed by the trial court. He argues the procedures followed by the court before imposing disabilities were inadequate under *Christopher A.*, *supra*, 139 Cal.App.4th 604. Because of this, in A.G.'s view, two of the imposed disabilities should be stricken because they are unsupported by substantial evidence. A.G. also claims that, to the extent an objection on this basis was necessary, his trial counsel provided ineffective assistance of counsel.

In *Christopher A.*, the conservatee's counsel reached an agreement with the county about the terms of a proposed conservatorship. (*Christopher A.*, *supra*, 139 Cal.App.4th at p. 609.) The trial court accepted the proposed judgment but did not obtain on the record consent from the conservatee as to the contents and consequences of the stipulated judgment, including the disabilities imposed. (*Id*. at pp. 608-609.) The appellate court concluded that this violated the conservatee's due process rights: "If a person is found gravely disabled and a conservatorship is established, the conservatee does not forfeit legal rights or suffer legal disabilities merely by virtue of the disability. [Citations.] The court must separately determine the duties and powers of the conservator, the disabilities imposed on the conservatee, and the level of placement appropriate for the conservatee.

5

. . . [A] proposed conservatee has a right to a hearing or jury trial on the issue of grave disability *and* a court hearing to determine placement, disabilities, and conservator duties and powers. [¶] . . . [¶] . . . Therefore, we conclude that before accepting a stipulated judgment on placement, disabilities, and conservator powers, the court on the record must consult with the conservatee to instruct him or her [or them] on the consequences of the stipulation and obtain the conservatee's express consent to the stipulation *on those issues*." (*Id*. at pp. 612-613, second italics added.)

Here, A.G. argues the trial court erred by not obtaining his express consent to the proposed disabilities before accepting the stipulated conservatorship. We agree. While the court obtained A.G.'s agreement to waive his jury trial and impose the conservatorship, the court did not consult with A.G. about the consequences of the stipulation or obtain A.G.'s express consent as to the disabilities imposed on him. As in *Christopher A*., "[n]othing in the record show[ed] [A.G.] consented to the terms of the proposed judgment regarding . . . disabilities." (*Christopher A.*, *supra*, 139 Cal.App.4th at p. 613.)[3]

In its brief, the Public Conservator fails to distinguish (or even mention) *Christopher A.* Instead, the Public Conservator asserts that the disabilities imposed should be upheld because they are "standard" and "routinely ordered." (Italics omitted.) We are unpersuaded by this reasoning.

---

[3]    In two cases subsequent to *Christopher A.*, the appellate court upheld the ordered disabilities because there were other indications in the record that the conservatee had been adequately informed about what disabilities would be imposed. (See *Conservatorship of Tian L.* (2007) 149 Cal.App.4th 1022, 1031-1032; *Conservatorship of Deidre B.* (2010) 180 Cal.App.4th 1306, 1311-1317.) For instance, in *Deidre B.*, the appellate court held that the conservatee's due process rights were satisfied where, among other things, trial counsel had submitted a sworn stipulation stating that counsel had discussed the proposed disabilities with the conservatee and the conservatee had consented to the proposed disabilities. (*Deidre B.*, at pp. 1310, 1315-1317.)

We thus conclude the disabilities were imposed in violation of A.G.'s due process rights, and we accordingly reverse the portion of the order imposing the disabilities. In light of this conclusion, we need not address A.G.'s remaining arguments that two of the imposed disabilities were not supported by substantial evidence or that his trial counsel provided ineffective assistance of counsel.

DISPOSITION

The portion of the conservatorship order imposing disabilities on A.G. is reversed, and the matter is remanded for further proceedings consistent with this opinion.



/s/
ROBIE, Acting P. J.


We concur:


/s/
RENNER, J.


/s/
BOULWARE EURIE, J.